J-S32009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| JUAN PEREZ | : | |
| | : | |
| Appellant | : | No. 1422 EDA 2016 |

Appeal from the Judgment of Sentence April 1, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0013059-2014

BEFORE:   GANTMAN, P.J., STABILE, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:                **FILED JUNE 23, 2017**

Appellant, Juan Perez, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his bench trial convictions of robbery, theft by unlawful taking or disposition—movable property, receiving stolen property, and simple assault.[1]  We affirm.

The relevant facts and procedural history of this case are as follows. While on patrol on October 1, 2014, Officer Walsh and Officer Vandermay heard a female screaming for help.  The officers approached the scene, where they observed Appellant push Victim into a parked vehicle, punch Victim six to eight times, and pull a black purse from Victim's hands.  Victim

---

[1]  18  Pa.C.S.A.  §§  3701(a)(1)(iv),  3921(a),  3925(a),  and  2701(a), respectively.

---

*Former Justice specially assigned to the Superior Court

was shaking uncontrollably, screaming hysterically that Appellant had robbed her, and bleeding when police arrived. The officers arrested Appellant and recovered a black purse from his person. The black purse contained a house key, $1,900.00 in cash, and a welfare access card in Victim's name.

On November 26, 2014, the Commonwealth charged Appellant with robbery, theft by unlawful taking—movable property, receiving stolen property, simple assault, and recklessly endangering another person ("REAP"). Appellant proceeded to a bench trial on October 23, 2015. The Commonwealth presented the testimony of Officer Walsh and Officer Vandermay, who recounted the details of the October 1, 2014 incident, including Victim's statement that Appellant had robbed her. Appellant objected to the testimony about Victim's statement; however, the court overruled the objection. During cross-examination, Appellant questioned Officer Walsh about the likelihood of finding both $1,900.00 in cash and a welfare access card in the same purse. The Commonwealth raised a relevance objection to this line of questioning, which the court sustained. The court ultimately convicted Appellant of robbery, theft by unlawful taking or disposition—movable property, receiving stolen property, and simple assault. The court deferred sentencing pending the preparation of a pre-sentence investigation ("PSI") report.

On April 1, 2016, the court sentenced Appellant to an aggregate term

of one (1) to two (2) years' imprisonment, followed by two (2) years' probation. Appellant timely filed a post-sentence motion on April 2, 2016, which the court denied on April 25, 2016. Appellant timely filed a notice of appeal on May 6, 2016. On June 6, 2016, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on June 10, 2016.

Appellant raises the following issues for our review:

> DID THE TRIAL COURT ERR IN ADMITTING [VICTIM'S] PURPORTED EXCITED UTTERANCE STATEMENTS?
>
> DID THE TRIAL COURT ERR IN LIMITING CROSS-EXAMINATION IN RELATION TO THE $1,900 WHICH [VICTIM] POSSESSED ALONG WITH A WELFARE CARD?
>
> ARE APPELLANT'S CONVICTIONS AGAINST THE WEIGHT OF THE EVIDENCE?

(Appellant's Brief at 4).[2]

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Abbe F. Fletman, we conclude Appellant's first and second issues on appeal merit no relief. The trial court opinion comprehensively discusses and properly disposes of those questions. (*See* Trial Court Opinion, filed November 7, 2016, at 8-10) (finding: **(1)** Officer Walsh testified Victim was in extreme physical and emotional distress when police arrived on scene; Officer Walsh

---

[2] We have reordered Appellant's issues for disposition purposes.

also stated Victim told police about robbery while she was still experiencing stress of incident; Officer Vandermay corroborated Officer Walsh's testimony, and court found testimony of both police officers credible; thus, court properly admitted Victim's statement as excited utterance; **(2)** questioning about presence of large quantity of cash and welfare access card in same purse had no bearing on any fact of consequence in Appellant's case; any testimony about general likelihood of finding those items in one purse would not have made it more likely that Victim lied to police or less likely that Appellant robbed Victim; further, court did not prevent Appellant from using presence of $1,900.00 and welfare access card to attack Victim's credibility; because any potential testimony elicited through this line of questioning lacked probative value, court properly limited cross-examination about contents of Victim's purse).

Moreover, to the extent Appellant now claims the court violated his Confrontation Clause rights when it admitted Victim's excited utterance and limited Appellant's cross-examination, Appellant failed to specify these claims in his Rule 1925(b) statement. *See Commonwealth v. Johnson*, 51 A.3d 237 (Pa.Super. 2012), *appeal denied*, 619 Pa. 701, 63 A.3d 1245 (2013) (explaining failure to specify issues raised on appeal in Rule 1925(b) statement constitutes waiver for purposes of review). Thus, Appellant's Confrontation Clause claims are waived, and we affirm Appellant's first and second issues on the basis of the trial court opinion.

In his third issue, Appellant argues the evidence admitted at trial undermines the credibility of the police testimony about Appellant's robbery and assault of Victim. Appellant specifically asserts the physical evidence does not support the police testimony that Appellant punched Victim in the face six to eight times. Appellant maintains this inconsistency undermined the veracity of all of Appellant's convictions. Appellant also avers the Commonwealth's failure to present Victim as a witness made it impossible for the court to assess the elements of the crimes for which Appellant was convicted. Appellant concludes his convictions shock the conscience due to their basis in conjecture, and this Court should vacate his judgment of sentence and remand for a new trial. We disagree.

"[W]hen challenging the sufficiency of the evidence on appeal, [an appellant's Rule 1925(b)] statement must specify the element or elements upon which the evidence was insufficient in order to preserve the issue for appeal." *Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa.Super. 2009), *appeal denied*, 607 Pa. 690, 3 A.3d 670 (2010). "Such specificity is of particular importance in cases where [an appellant] was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." *Id.*

Our standard of review for a challenge to the weight of the evidence is as follows:

> The weight of the evidence is exclusively for the finder of
> fact who is free to believe all, part, or none of the evidence

and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Champney*, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (internal citations omitted).

Instantly, Appellant purports to raise a challenge to the sufficiency of the evidence along with his weight of the evidence claim. Significantly, Appellant failed to raise this sufficiency claim with any specificity in his Rule 1925(b) statement. Appellant's Rule 1925(b) statement claimed the court could not assess the elements of his various convictions due to the fact that Victim did not testify at trial; however, Appellant's Rule 1925(b) statement failed to identify which convictions he sought to challenge and which elements of those convictions the Commonwealth failed to prove beyond a reasonable doubt. Thus, Appellant's challenge to the sufficiency of the evidence is waived for purposes of our review. *See Gibbs, supra*.

Moreover, with respect to Appellant's third issue on appeal, the court reasoned:

For the following reasons, the verdict neither reveals a palpable abuse of discretion nor shocks one's sense of

- 6 -

justice as credible testimony established [Appellant's] guilt beyond a reasonable doubt.

a. The [Theft by Unlawful Taking or Disposition] and [Receiving Stolen Property] Convictions

\* \* \*

Two police officers witnessed [Appellant] remove a black purse from the possession of [Victim] while she was in visible distress.  [Victim] told the officers that [Appellant] had taken belongings from her without her permission and the officers recovered her belongings from [Appellant] at a location that [Victim] pointed out.  [Victim's] statements are admissible…as excited utterances under an exception to the prohibition against hearsay.  Beyond [Victim's] statements, Officer Walsh testified that the black purse found in [Appellant's] possession contained an "Access" card bearing [Victim's] name.  From that fact alone, the [c]ourt may reasonably infer possession.  The [c]ourt found this evidence admissible, credible and sufficient to prove that [Appellant] had committed [theft by unlawful taking or disposition] and [receiving stolen property] beyond a reasonable doubt.  As this verdict does not shock the conscience, it is not against the weight of the evidence.

b. The Simple Assault Conviction

\* \* \*

Two officers testified sufficiently and credibly that they witnessed [Appellant] push [Victim] and strike her with a closed fist on her face and body at least six to eight times.  Both officers testified that [Victim] sustained injuries to her wrist and ankle and that she was bleeding from her wrist.  Exhibit C-2 confirms that [Victim's] wrist was indeed cut and bleeding.  Both officers described [Victim] as "struggling" to get away from [Appellant] while calling for help.  This [c]ourt finds that testimony and photographic evidence make out impairment of physical condition as well as substantial pain, and therefore the evidence weighs in favor of [Appellant's] guilty verdict for simple assault.

[Appellant] argues that, since the police officers did not see the beginning of the encounter between him and [Victim], the Commonwealth cannot prove that [Victim] did not initiate or escalate the violence. This assertion lacks merit. If [Appellant] wished to claim that he was acting in self-defense because [Victim] started or escalated their confrontation, he would have had to have alleged self-defense, which he did not do at any point in the trial. Further, the Commonwealth presented evidence at trial that [Appellant] had pushed [Victim] against a car, punched her repeatedly and that she had struggled to get away and called for help. That testimony tends to disprove an assertion of self-defense, even if one had been made.

In sum, the evidence more than supports a simple assault conviction. The verdict does not shock one's sense of judgment nor constitute a palpable abuse of discretion.

c. The Robbery Conviction

*   *   *

As previously discussed, the evidence establishing [Appellant] guilty of [theft by unlawful taking or disposition] beyond a reasonable doubt is sufficient. Therefore, the theft portion of the robbery offense is properly met.

Similarly, the evidence establishing [Appellant] guilty of simple assault beyond a reasonable doubt is sufficient, therefore, the "bodily injury" element of robbery in the second degree is also met. [Appellant's] argument that [Victim's] testimony is necessary to establish the "bodily injury or fear of bodily injury" element of the offense is unavailing. The Commonwealth need not establish fear of bodily injury if actual bodily injury is proven beyond a reasonable doubt. This [c]ourt holds that the evidence supporting a finding of bodily injury is credible and thus, the verdict against [Appellant] for robbery in the second degree is not against the weight of the evidence.

(**See** Trial Court Opinion, filed November 7, 2016, at 5-7). The record

supports the court's decision. Thus, we have no reason to disturb it.

Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/23/2017

Circulated 06/02/2017 02:30 PM

FILED

NOV 07 2016

Criminal Appeals Unit
First Judicial District of

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CRIMINAL

COMMONWEALTH OF PENNSYLVANIA : CP-51-CR-0013059-2014

VS. :

: 1422 EDA 2016

JUAN PEREZ :

## OPINION

Following a bench trial, this Court found defendant Juan Perez guilty of robbery as a

felony in the second degree, theft by unlawful taking (TUT), theft by receiving stolen property

(RSP) and simple assault. He was found not guilty of recklessly endangering another person

(REAP). The Court sentenced Mr. Perez to one to two years of incarceration with two years of

probation on the robbery, TUT and RSP counts, and two years of reporting probation on the

simple assault count.[1]

Defendant Perez filed a timely appeal, in which he argues that (1) the guilty verdicts were

against the weight of the evidence, (2) the trial court erred in admitting complainant's excited

utterance under an exception to the evidentiary rule excluding hearsay, and (3) the trial court

erred in not allowing the cross-examination of a police officer regarding the fact that the

complainant possessed $1,900 as well as government assistance documentation at the time of the

robbery. For the reasons stated below, Mr. Perez's conviction was not against the weight of the

evidence, the trial court did not err in admitting the challenged evidence, and his appeal should

be denied.

CP-51-CR-0013059-2014 Comm. v. Perez, Juan
Opinion

7522267021

---

[1] TUT and RSP are lesser included offenses of robbery and therefore the offenses merge for
sentencing purposes and only one punishment may be imposed. *Com. v. Turner*, 402 A.2d 542,
544 (Pa. Super. 1979).

FACTS

Officer Mike Walsh testified that during his course of duty on October 1, 2014 at approximately 7:30 p.m., he and his partner Officer Donald Vandermay were patrolling the intersection of A and Tusculum Streets in an unmarked vehicle and in plain clothes. Notes of Testimony ("N.T.") 10/23/15 at 9:13-10:3. Officer Walsh testified that he heard a female screaming for help. *Id.* at 10:7-10:8. The officers determined that the screaming was coming from 100 to 150 feet away on the 200 block of East Cambria Street. *Id.* Officer Walsh testified that he saw a white female identified as Erica Everhart and the defendant, Juan Perez. *Id.* Office Walsh observed Mr. Perez push Ms. Everhart against a parked vehicle and punch her in the face with a closed fist six to eight times. *Id.* at 11:3-9; 22:10-12. During the altercation, Mr. Perez pulled a black purse from Ms. Everhart's hands. *Id.* 11:9-11. The officers broke up the fight, and handcuffed Mr. Perez. *Id.* 11:15-17.

Officer Walsh testified that Ms. Everhart was screaming hysterically during the entire encounter and that "she was bleeding . . . [and] shaking almost uncontrollably and she was yelling at the top of her lungs, and she appeared hysterical." *Id.* at 12:16-18. Officer Walsh specifically recalled that Ms. Everhart was screaming that Mr. Perez had robbed her and stolen her money. *Id.* at 12:22-23. The officer further testified that Mr. Perez told him that Ms. Everhart owed him $50 and she was not going to pay him back. *Id.* at 13:7-8. Officer Walsh arrested Mr. Perez and recovered from him one black purse containing a house key and public assistance access card in Ms. Everhart's name, and one tan purse containing $1,900 in United States Currency. *Id.* at 15:20-23; 25:13-16. Defense counsel attempted to question Officer Walsh on how often he has seen "people with Access cards and $1,900." *Id.* at 25:24-25. The

2

Commonwealth objected on the basis of relevance. *Id.* at 26:1. The Court sustained the objection. *Id.* at 26:18.

Officer Walsh testified that Ms. Everhart suffered a cut to her hand and her leg. *Id.* at 16:10-11. Photographs were introduced into evidence as Commonwealth Exhibit 2 ("Exhibit C-2"), showing injuries to Ms. Everhart's left hand and left ankle. *Id.* at 18:2-3. Mr. Perez was transported to Episcopal Hospital for treatment of a minor abrasion. *Id.* at 18:13-15.

The Commonwealth next called Officer Vandermay, whose testimony was substantially similar to that of Officer Walsh. Officer Vandermay recalled hearing a woman screaming for help while on duty the night of October 1, 2014. *Id.* at 30:1-2. The officer confirmed that he saw Mr. Perez push Ms. Everhart against a parked vehicle and strike her at least six to eight times in the face and body. *Id.* at 30:5-10; *Id.* at 31:14-15. Officer Vandermay testified that the pair were "struggling" and Ms. Everhart was attempting to push Mr. Perez away from her. *Id.* at 31:15-17. Like Officer Walsh, Officer Vandermay saw Mr. Perez take a black purse from Ms. Everhart's hands. *Id.* 30:9-10. Officer Vandermay observed that Ms. Everhart's left hand was bleeding and she had scrapes on her ankle. *Id.* 31: 22-24. The officer described Ms. Everhart as "really upset," "nervous," "shaking," and "crying." *Id.* at 32:2-4.

The Commonwealth finally offered the testimony of Officer Delaney by stipulation. The parties agreed that, if called to testify, Officer Delaney would have said that on the evening of October 1, 2014, he responded to a call for backup at 200 East Tusculum Street. N.T. at 41:8-12. When Officer Delaney arrived on the scene, he observed a "very upset" Ms. Everhart and Mr. Perez in handcuffs. *Id.* Officer Delaney also would have testified that he recovered from the bushes at the location one white plastic bag and one multicolored Coach bag belonging to Ms. Everhart. N.T. at 41:19-42-:4.

3

Following argument, the Court found Mr. Perez guilty of robbery, TUT, RSP and simple assault, and not guilty of recklessly endangering another person. N.T. at 53:1-4.

Mr. Perez filed post-trial motions on April 2, 2016, which were denied on April 25, 2016. Mr. Perez timely initiated this appeal on May 6, 2016.

## DISCUSSION

### 1. The Convictions for Robbery, TUT, RSP and Simple Assault Were Not Against the Weight of the Evidence.

Mr. Perez asserts that all his convictions are against the weight of the evidence because the complainant, Ms. Everhart, did not testify at trial. Mr. Perez argues it is accordingly "impossible to assess elements of the crimes…including fear of bodily injury, property ownership, and complainant's own role in initiating and/or escalating violence." Appellant's Statement of Matters Complained of on Appeal ("Appellant's Statement"), ¶ 1 (June 6, 2016). Mr. Perez further argues that the evidence presented by the three police witnesses was incredible because the officers arrived in the middle of the incident and because it was based on an excited utterance of Ms. Everhart, who suffered no facial injuries despite testimony that she was punched in the face multiple times. *Id.*

The standard of review for a weight of the evidence challenge is well settled:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, [the Superior Court] may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

4

*Commonwealth v. Champney*, 832 A.2d 403, 408 (Pa. Super. Ct. 2003) (internal citations omitted).

For the following reasons, the verdict neither reveals a palpable abuse of discretion nor shocks one's sense of justice as credible testimony established Mr. Perez's guilt beyond a reasonable doubt.

a. The TUT and RSP Convictions

A person is guilty of theft by unlawful taking if he unlawfully takes, or exercises unlawful control over movable property with intent to deprive another of that property 18 Pa. C.S.A. § 3921(a)(West 2016). A person is guilty of theft by receiving stolen property if he intentionally receives, retains or disposes of movable property of another knowing that it has been stolen, or believing that it probably has been stolen. 18 Pa. C.S.A. § 3925(a)(West 2016).

Two police officers witnessed Mr. Perez remove a black purse from the possession of Ms. Everhart while she was in visible distress. Ms. Everhart told the officers that Mr. Perez had taken belongings from her without her permission and the officers recovered her belongings from Mr. Perez at a location that Ms. Everhart pointed out. Ms. Everhart's statements are admissible as discussed below as excited utterances under an exception to the prohibition against hearsay. Beyond Ms. Everhart's statements, Officer Walsh testified that the black purse found in Mr. Perez's possession contained an "Access" card bearing Ms. Everhart's name. From that fact alone, the Court may reasonably infer possession. The Court found this evidence admissible, credible and sufficient to prove that Mr. Perez had committed TUT and RSP beyond a reasonable doubt. As this verdict does not shock the conscience, it is not against the weight of the evidence.

5

b.  The Simple Assault Conviction

A person is guilty of assault if he attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another. 18 Pa. C.S.A. § 2701(a)(1)(West 2016). "Bodily injury" is defined as impairment of physical condition or substantial pain. 18 Pa. C.S.A. § 2301 (West 2016). One defense to simple assault is self-defense. The burden of raising an affirmative defense is on the defendant. *Com. v. Samuel,* 590 A.2d 1245, 1247 (Pa. 2001). Once raised, the Commonwealth then bears the burden to disprove such a defense beyond a reasonable doubt. *Com. v. Torres,* 766 A.2d 342, 345 (Pa. 2001).  While there is no burden on a defendant to prove the claim, there must be some evidence to justify a finding of self-defense. *Id.*

Two officers testified sufficiently and credibly that they witnessed Mr. Perez push Ms. Everhart and strike her with a closed fist on her face and body at least six to eight times. Both officers testified that Ms. Everhart sustained injuries to her wrist and ankle and that she was bleeding from her wrist. Exhibit C-2 confirms that Ms. Everhart's wrist was indeed cut and bleeding. Both officers described Ms. Everhart as "struggling" to get away from Mr. Perez while calling for help. This Court finds that the testimony and photographic evidence make out impairment of physical condition as well as substantial pain, and therefore the evidence weighs in favor of Mr. Perez's guilty verdict for simple assault.

Mr. Perez argues that, since the police officers did not see the beginning of the encounter between him and Ms. Everhart, the Commonwealth cannot prove that Ms. Everhart did not initiate or escalate the violence.  This assertion lacks merit. If Mr. Perez wished to claim that he was acting in self-defense because Ms. Everhart started or escalated their confrontation, he would have had to have alleged self-defense, which he did not do at any point in the trial. Further, the Commonwealth presented evidence at trial that Mr. Perez had pushed Ms. Everhart

6

against a car, punched her repeatedly and that she had struggled to get away and called for help. That testimony tends to disprove an assertion of self-defense, even if one had been made.

In sum, the evidence more than supports a simple assault conviction. The verdict does not shock one's sense of judgment nor constitute a palpable abuse of discretion.

    c.  The Robbery Conviction

A person is guilty of robbery as a felony in the second degree when in the course of committing a theft he "inflicts bodily injury upon another *or* threatens another with *or* intentionally puts him in fear of immediate bodily injury." 18 Pa. C.S.A. § 3701 §§ AIV (West 2014)(emphasis added). "Bodily injury" is defined the same way whether the charge is robbery or simple assault. *Com. v. Jenkins*, 96 A.3d 1055 (Pa. Super. 2014).

As previously discussed, the evidence establishing Mr. Perez guilty of TUT beyond a reasonable doubt is sufficient. Therefore, the theft portion of the robbery offense is properly met.

Similarly, the evidence establishing Mr. Perez guilty of simple assault beyond a reasonable doubt is sufficient, therefore the "bodily injury" element of robbery in the second degree is also met. Mr. Perez's argument that Ms. Everhart's testimony is necessary to establish the "bodily injury or fear of bodily injury" element of the offense is unavailing. The Commonwealth need not establish fear of bodily injury if actual bodily injury is proven beyond a reasonable doubt. This Court holds that the evidence supporting a finding of bodily injury is credible and thus, the verdict against Mr. Perez for robbery in the second degree is not against the weight of the evidence.

7

2. **The Trial Court Did Not Err by Admitting Ms. Everhart's Statement As an Excited Utterance and Therefore an Exception To the Rule against Hearsay.**

A trial court's evidentiary rulings are not to be overturned absent an abuse of discretion. *Com. v. Walter*, 93 A.3d 442, 448 (Pa. 2014). A reviewing court is not to substitute its credibility determinations for those of the trial court sitting as the finder of fact. *Com. v. Gibbs*, 981 A.2d 274, 280 (Pa. Super. 2009).

Mr. Perez objects as inadmissible hearsay to the statements of complainant Ms. Everhart's statements that "[defendant is] robbing me. [Defendant] stole my money. [Defendant] has my money." N.T. at 12:22-23.

Hearsay is defined as "a statement that . . . the declarant does not make while testifying at the current trial or hearing . . . [that] a party offers in evidence to prove the truth of the matter asserted in the statement." Pa. R.E. 801(c). Hearsay is generally not admissible unless subject to an exception. Pa. R.E. 802. The Pennsylvania Rules of Evidence provide an exception to the hearsay rule for "excited utterances." Pa. R.E. 803. An "excited utterance" is "a statement relating to a startling event or condition, made while the declarant was under the stress or excitement that it caused." Pa. R.E. 803(2).

Officer Walsh testified that when he and Officer Vandermay arrived on the scene, the declarant Ms. Everhart was screaming, shaking, crying and in physical and emotional distress, having just been assaulted and robbed by Mr. Perez. Ms. Everhart spoke with the police officers about the robbery and assault immediately after they had occurred at a time when she was still feeling the stress and upset that the event caused. Officer Vandermay corroborated this testimony. The trial court as the fact-finder credited the statements of the officers and those of Ms. Everhart.

8

Mr. Perez argues that the exception was inapplicable because it "was based upon Complainant just having been punched in the face on several occasions by Appellant when there [were] no injuries to Complainant's face." Appellant's Statement at ¶ 2. If Mr. Perez's argument is that the officers' statements therefore were not credible, the Court disagrees. The Court observed the officers' demeanor and carefully weighed their testimony before finding it credible. Nor was there any evidence that Ms. Everhart was unable to speak despite her injuries.

Therefore, the trial court did not abuse its discretion and err in admitting Ms. Everhart's statements as an exception to hearsay.

3. The Trial Court Did Not Err in Prohibiting Appellant from Cross-Examining Officer Walsh on Ms. Everhart's Possession of $1,900 and Documentation Of Government Assistance As Such Testimony is Irrelevant.

Mr. Perez lastly argues that the trial court erred in prohibiting the cross-examination of Officer Walsh about the frequency with which he encounters people in possession of $ 1,900 while also receiving public assistance. Mr. Perez claims that such evidence is relevant "because this tended to show, *inter alia*, Complainant's motive to lie to police." Appellant's Statement at ¶ 3.

Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Pa. R.E. 401. If relevant, evidence is generally admissible unless otherwise provided by law. Pa. R.E. 402. Evidence that is not relevant is not admissible. *Id.* The Pennsylvania Rules of Evidence allow a court to exclude relevant evidence if its probative value is outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time or needlessly presenting cumulative evidence. Pa. R.E. 403. A trial court's finding that proffered evidence is irrelevant may be overturned only upon the finding of an abuse of discretion. *Walter*, 93 A.3d at 448.

9

Defense counsel sought to ask Officer Walsh, "How often do you see people with Access cards and $1,900?" N.T. at 25:24-25. Any answer to this question is irrelevant as it has no bearing on a fact of consequence in determining the underlying action. If Officer Walsh had never seen a person with this amount of money and public assistance documents, it would make it no more likely that Ms. Everhart had lied to the police or less likely that defendant had robbed her. Furthermore, nothing prevented defense counsel from arguing that Ms. Everhart's statements lacked credibility because the fact that she had both $1,900 and a public assistance card at the time of the robbery suggested she had falsely obtained public assistance. Whether Officer Walsh found that typical or unusual has no bearing on Ms. Everhart's credibility. Since the testimony lacked probative value, the Court did not abuse its discretion in excluding it and thus committed no error.

## CONCLUSION

For the foregoing reasons, the appellate court should affirm Mr. Perez's guilty verdicts in this matter.

BY THE COURT:

*ABBE F. FLETMAN* (signature)
ABBE F. FLETMAN, JUDGE

Dated: November 7, 2016

10

**Commonwealth v. Juan Perez**
CP-51-CR-00013059-2014

## PROOF OF SERVICE

I hereby certify that I on this day caused to be served the foregoing this person(s) in the manner indicated below:

Commonwealth:

> Appeal's Unit
> District Attorney's Office
> Three South Penn Square
> Philadelphia, PA 19107

Type of Service: Chambers Mailbox (City Hall 229)

Attorney for Defendant:

> Stephen T. O'Hanlon, Esq.
> 2 Penn Plaza, Suite 1850
> 1500 John F. Kennedy Boulevard
> Philadelphia, PA 19102

Type of Service: Chambers Mailbox (City Hall 229)

DATED: November 7, 2016

_____
Alison G. deMedeiros, Esq.
Law Clerk to the Hon. Abbe F. Fletman